## In re PHOENIX SUMMUS CORPORATION, Debtor.

### Bankruptcy No. 598–50992–11.

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Oct. 28, 1998.

Richard Ladd, Lubbock, TX, for Phoenix.

Sam Gregory, Lubbock, TX, H. Ty Kharazi, Fresno, CA, for Ms. Jones.

William S. Parkinson, Office of U.S. Trustee, Dallas, TX, United States Trustee.

## MEMORANDUM OF OPINION ON VOLUNTARY PETITION FOR ANCILLARY PROCEEDING PURSUANT TO § 304

JOHN C. AKARD, Bankruptcy Judge.

On August 25, 1998, Phoenix Summus Corporation (Phoenix) filed a voluntary petition for a case ancillary to a foreign proceeding pursuant to 11 U.S.C. § 304.[1] The court finds that the petition should be dismissed.[2]

### FACTS

Phoenix's petition listed liabilities in excess of $9 million and 2.1 million shares of stock held by approximately 3,000 shareholders. It stated "Corp domiciled originally in New York, then Texas (1996). In 1996 went offshore to dominion of Melchizedek, South Pacific." Describing Phoenix's business the petition stated "Currently none—consummation of plan will create oil and gas corporation." Attached to the petition was a plan of reorganization and "disclosure materials" in Chapter 11 proceedings in Case No. 97–00113–B–11 in the Karitane Bankruptcy Court, District of Karitane Island, South Pacific. The materials contained the notation "Karitane and the Entire Dominion of Melchizedek in 1991 Adopted the Entirety of the United States Federal Bankruptcy Laws." At the hearing on this matter, Phoenix introduced an order confirming amendment to plan dated August 15, 1998 which was certified to by the Honorary Consul of the Dominion of Melchizedek. Phoenix also introduced a copy of a certificate dated January 30, 1997 stating that the corporation was qualified to do business in Nevada. Phoenix is not authorized to do business in Texas.

Notice was sent to various parties and waivers of notice were filed by various parties. The only response was filed by Sue B. Jones d/b/a Jem Homes. The answer stated that Ms. Jones was the plaintiff in a suit against Phoenix in the state Superior Court in Fresno, California concerning an alleged fraudulent transfer of real property. Ms. Jones stated that she would be substantially injured if she could not proceed with her state court suit. She asserted that many of the matters reflected in the offshore bankruptcy proceedings were incorrect and objected to various provisions of the plan of reorganization. She stated that Phoenix "has a proven history of bad business dealings, perhaps even fraudulent" and urged this court not to recognize the bankruptcy in Karitane.

Section 304 of the Bankruptcy Code provides that if a foreign representative files a case ancillary to a foreign proceeding, and that action is controverted, the court is to hold a hearing. The court held a hearing on this matter on October 14, 1998. Phoenix appeared through its attorney and Nicole

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984.

Rolfe, President of the corporation. Although the answer on behalf of Ms. Jones was filed by a California attorney, she appeared at the hearing through a Lubbock attorney. If the court permits a case ancillary to a foreign proceeding, the court is granted authority to take various actions to protect property of the foreign estate. However, the court is given guidelines for the protection of United States' creditors and assets in § 304(c).

Ms. Rolfe, the President and holder of more than 20% of the outstanding shares of Phoenix, testified that the corporation had intended to enter into a large real estate transaction in the state of California, but was unable to do so. She denied that Phoenix had any liability to Ms. Jones, but acknowledged that matter was the subject of a state court suit in California. She stated that the corporation initially transferred its domicile to the Dominion of Melchizedek because the corporation was going to develop some recreational property in that Dominion. She stated that numerous people had invested lots of money in the corporation and the only way they would ever make any recovery would be for the corporation to enter into a new venture which would prove profitable. She acknowledged that at this time the corporation had no assets. The Chapter 11 proceeding was filed in Karitane because it was quicker than doing one in the United States. She said the effect of the Chapter 11 was to convert large amounts of debt into stock. She further testified that the corporation had an agreement to acquire oil and gas properties in the State of Texas and that the properties had been transferred to the corporation. When the transferor discovered the suit by Ms. Jones, he insisted that the properties be re-transferred to him, which was done. She stated that the purpose of filing this proceeding was to make arrangements to resolve the suit filed by Ms. Jones. She stated that arrangements had been made for a brokerage firm to publicly sell stock in Phoenix as soon as the oil and gas properties were acquired. Ms. Rolfe described her substantial experience in promoting corporations and business ventures.

## DISCUSSION

The entire tenor of § 304 is that the Debtor in the foreign proceeding have some property in the United States which needs to be administered or protected for the benefit of creditors. Ms. Rolfe acknowledged that Phoenix has no property. She stated that it has a contract right to acquire oil and gas properties, but does not say how it planned to pay for those properties. She did not introduce a contract for the acquisition of those properties into evidence. Since Phoenix has no property in the United States, and particularly within the State of Texas, the court has difficulty seeing any need for an ancillary bankruptcy proceeding.

Ms. Rolfe's testimony leads the court to the conclusion that the sole purpose of the ancillary bankruptcy proceeding was to have Ms. Jones' suit transferred from the state court in California to the bankruptcy court in Texas. That is forum shopping which should not be tolerated by the court.

Bankruptcy courts should be used to reorganize a corporation's debts. Phoenix already accomplished that in Karitane. Bankruptcy courts should not be used to settle disputes between one debtor and one creditor. That is what Phoenix is attempting to do with this proceeding. The Superior Court of the state of California is fully able to resolve the dispute between Ms. Jones and Phoenix. The property in question is in California. The transactions took place in California. Ms. Jones and Mrs. Rolfe reside in California. In the interest of comity with state courts, for the convenience of the parties, and in the interest of justice, Ms. Jones' suit should be allowed to proceed in state court in California. There is no federal interest to be served for that suit to be venued in the Northern District of Texas.

## CONCLUSION

The court finds that there is no basis for an ancillary proceeding pursuant to § 304 of the Bankruptcy Code and that the captioned case should be dismissed. In the alternative, the court finds that it should abstain from hearing this matter and that this matter

should be dismissed pursuant to § 305(a)(1) of the Bankruptcy Code.

ORDER ACCORDINGLY.[3]

---

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Fed. R.Bankr.P. 7052 which is made applicable is Contested Matters by Fed.R.Bankr.P. 9014. This Memorandum will be published.